IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | | |
|---|---|---|
| TONY EPPS and MATTHEW SULLIVAN, for themselves and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:17-cv-562 |
| SCAFFOLDING SOLUTIONS LLC, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Defendant, Scaffolding Solutions LLC ("Scaffolding Solutions"), by counsel, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, states as follows for its objection to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 91):

**I. The R&R errs in finding that Plaintiffs' undisputed facts establish that Scaffolding Solutions is liable for uncompensated travel time resulting in an overnight stay.**

Scaffolding Solutions does not dispute the law governing out-of-town travel, as set forth in the R&R. Ordinary home to work travel is not worktime (and is thus not compensable), whether the employee works at a fixed location or different job sites. R&R at 35; 29 C.F.R. § 785.35. But "travel during normal working hours which keeps an employee away from home overnight is 'clearly worktime.'" R&R at 35 (quoting 29 C.F.R. § 785.39). This same rule applies to travel during the corresponding hours on nonworking days. *Id*. The R&R is also correct in that Scaffolding Solutions has admitted that, generally, Plaintiffs who rode in company vehicles for out-of-town trips were paid a travel stipend as opposed to their hourly rate. R&R at 36; Jetton Dep. 28:23-29:1. However, in order for this Court to find Scaffolding Solutions liable for overtime

compensation to non-driver employees whose travel took them away from home, **Plaintiffs must prove that any such travel occurred during regular working hours**. That proof is not currently before the Court, and thus, Scaffolding Solutions objects to the Magistrate Judge's finding that Scaffolding Solutions is liable for unpaid overtime wages relating to travel involving an overnight stay. R&R at 34.

The Magistrate Judge's ruling on Plaintiffs' Motion for Partial Summary Judgment hinges upon the finding that "[t]he evidence establishes that at least three Plaintiffs were denied overtime compensation as a result of [the Defendant's compensation policy for out-of-town travel]." R&R at 37. This is a reference to Exhibits 1-3 to the Plaintiffs' Reply brief (ECF No. 88), which are timecards, paystubs, and timesheets for three different weeks of work for three different Plaintiffs. Plaintiffs argued that these "timekeeping and pay records show specific instances in which Plaintiffs were entitled to overtime compensation related to out-of-town travel but did not receive it." Pls.' Reply Br. at 6. Scaffolding Solutions objects to the Magistrate Judge's reliance on these records in granting the Plaintiffs' Motion for Partial Summary Judgment.

Whether or not Scaffolding Solutions is liable for unpaid overtime wages associated with out-of-town travel, and if so, the extent of the damages, are matters for trial. The few timekeeping records attached to Plaintiffs' Reply brief do not support the Magistrate Judge's finding that Scaffolding Solutions is liable for uncompensated travel time resulting in an overnight stay. R&R at 34. Plaintiffs' Exhibit 1 (ECF 88-1) consists of Plaintiff Antoine Davis' timecard and paystub for the week of January 9, 2017 through January 15, 2017. Plaintiffs conclude that "[f]rom these records, **it appears** that Mr. Davis traveled from the Chesapeake Branch to Washington, D.C. during the normal working hours immediately preceding his 12:00 p.m. clock-in on January 9, 2017." Pls.' Reply Br. at 6 (emphasis added). It is clear that Plaintiffs are only speculating as to

when, exactly, Mr. Davis was travelling. Without referring to or attaching the handwritten timesheet for that day, Plaintiffs assume—but have not proven—that on January 9th Mr. Davis drove to Washington, D.C. and then subsequently worked 4.5 hours that same day. Similarly, with regard to Plaintiffs' Exhibit 3 (ECF 88-3), Plaintiffs have not proven—but only guessed—that a portion of Mr. Fulbright's travel time on August 12, 2016 occurred during regular working hours. Pls.' Reply Br. at 7. In short, the facts concerning Mr. Davis' and Mr. Fulbright's out-of-town travel on January 9, 2017 and August 12, 2016, respectively, remain in dispute and must be adjudicated at trial.

Exhibit 2 (ECF 88-2) is the timecard, pay stub, and timesheets for Plaintiff Eternal Allah for the week of June 1, 2015 through June 7, 2015. Plaintiffs contend that Mr. Allah was not paid for 3.5 hours of travel time on June 3, 2015, which they assert is compensable overtime under the FLSA. Pls.' Reply Br. at 7. But the timekeeping records show otherwise. As indicated on the handwritten timesheet for June 3rd, due to rain, Mr. Allah did not work that day, and thus did not drive or ride to any job site.

In summary, Scaffolding Solutions does not dispute the Magistrate Judge's recitation of the law governing out-of-town travel. Scaffolding Solutions also acknowledges that Plaintiffs' Motion for Partial Summary Judgment did not attempt to prove the exact amount of damages for any individual Plaintiff. R&R at 37. But Scaffolding Solutions does object to the Magistrate Judge's finding that "the undisputed facts are sufficient to establish at least some damages [relating to unpaid out-of-town travel]." R&R at 37. As shown above, the timekeeping data submitted by Plaintiffs in their Reply brief does not establish that Plaintiffs Antoine Davis, Eternal Allah, and Otis Fulbright were denied overtime compensation as a result of Scaffolding Solutions' policy.

Whether any particular Plaintiff is actually owed unpaid overtime wages—and if so, in what amount—are questions for trial, not for summary judgment. At trial Plaintiffs must prove that they traveled out-of-town during regular working hours, that they were not paid wages for that time, that they worked more than forty hours that particular week, and as a result, were not paid overtime compensation due under the FLSA. At the summary judgment stage, this proof was not before the Court. Relying on a small sample of timekeeping records and Plaintiffs' assumptions about those records, the Magistrate Judge incorrectly concluded that Scaffolding Solutions "will be liable." R&R at 37.[1]

## II.  Conclusion

For the foregoing reasons, Scaffolding Solutions objects to the R&R's recommendation that Plaintiffs' Motion for Partial Summary Judgment be granted. Scaffolding Solutions respectfully requests that the Court deny the Plaintiffs' Motion for Partial Summary Judgment.

Dated:  April 16, 2019                                                    SCAFFOLDING SOLUTIONS LLC

---

[1] The Magistrate Judge found that "[Plaintiffs] have produced deposition testimony establishing that all of the Plaintiffs occasionally travelled out of town for work to locations throughout Virginia and regionally to Maryland, Pennsylvania, Connecticut, and the Carolinas." R&R at 35. Scaffolding Solutions objects to this finding, as Plaintiff Brandon Dunbar did not travel out of town during the relevant time period. Dunbar Dep. 58:21-59:2 (stating that he did not work out of town in 2015). Also, Mr. Kroupa testified that he had no knowledge of any jobs done in Connecticut. Kroupa Dep. 26:23-27:1.

By: /s/ Jaime B. Wisegarver
Courtney Moates Paulk (VSB No. 45523)
Jaime B. Wisegarver (VSB No. 81095)
HIRSCHLER FLEISCHER,
A PROFESSIONAL CORPORATION
2100 East Cary Street [23223-7078]
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: 804.771.9500
Facsimile: 804.644.0957
E-mail: cpaulk@hirschlerlaw.com
jwisegarver@hirschlerlaw.com

*Attorneys for Scaffolding Solutions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2019, an electronic copy of the foregoing was e-mailed to the following counsel of record:

Christopher Colt North (cnorthlaw@aol.com)
Joshua M. David (jdavid@davidkampfrank.com)
Samuel Y. Lee (sylee@davidkampfrank.com)

/s/ Jaime B. Wisegarver
Jaime B. Wisegarver (VSB No. 81095)
HIRSCHLER FLEISCHER,
A PROFESSIONAL CORPORATION
2100 East Cary Street [23223-7078]
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: 804.771.9500
Facsimile: 804.644.0957
E-mail: jwisegarver@hirschlerlaw.com

*Attorney for Scaffolding Solutions LLC*

11100564.3 035385.00011