UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TONY EPPS, et al.,

    Plaintiffs,

v.                            CIVIL ACTION NO. 2:17cv562

SCAFFOLDING SOLUTIONS, LLC,

    Defendant.

## ORDER

These matters come before the court on Defendant's Motion for Decertification and/or Partial Summary Judgment, ECF No. 56, and corresponding Memorandum in Support, ECF No. 57; Defendant's Motion to Dismiss, ECF No. 66, and corresponding Memorandum in Support, ECF No 67; and Plaintiffs' Motion for Partial Summary Judgment, ECF No. 79, and corresponding Memorandum in Support, ECF No. 80. The court referred these matters to United States Magistrate Judge Douglas E. Miller pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings, including the hearing that was held on March 7, 2019, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motions. Feb. 12, 2019 Referral Order, ECF No. 85; Feb. 15, 2019 Referral Order, ECF No. 87.

The United States Magistrate Judge filed a Report and Recommendation ("R&R") on April 2, 2019. ECF No. 91. The Magistrate Judge made five recommendations in the R&R. The Magistrate Judge first recommends that the court deny Defendant's Motion to Decertify the Class because "it is undisputed that all Plaintiffs worked for the same company doing the same work and were subject to the same challenged time-keeping policy." Id. at 10. Second, the Magistrate Judge determined that Defendants are "entitled to judgment as a matter of law on Plaintiffs' state law contract claim," and he recommends that the court grant Defendant's Motion for Partial Summary Judgment as to Count II of Plaintiffs' First Amended Complaint. Id. at 28. This is because "Plaintiffs have not identified sufficient evidence in the record to create a triable issue of fact as to whether their oral employment contracts entitle them to unpaid straight-time wages for activities carried out at the Chesapeake branch and their related travel." Id. Third, the Magistrate Judge concluded that "[t]he undisputed facts do not permit the court to resolve [the] questions [of willfulness and good faith] on summary judgment." Id. at 34. Thus, the Magistrate Judge recommends that the court deny Defendant's Motion for Partial Summary Judgment on these questions. Id. Fourth, the Magistrate Judge concluded that the "undisputed facts establish that [Defendant] is liable for uncompensated travel time resulting in an overnight stay," and he recommended that the court grant

2

Plaintiffs' Motion for Partial Summary Judgment. Id. at 34, 37. Finally, the Magistrate Judge recommends the court terminate Defendant's Motion to Dismiss as moot because it seeks "relief on grounds identical to those raised in its summary judgment briefing." Id. at 38.

By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date of service of the R&R on the objecting party. Id. at 38-39. On April 16, 2019, Defendants filed Defendant's Objection to the Magistrate Judge's Report and Recommendation ("Defendant's Objection"). ECF No. 92. Plaintiffs also filed Plaintiffs' Objection to Report and Recommendation ("Plaintiffs' Objection") on April 16, 2019. ECF No. 93. On April 30, 2019, Defendant filed a Response to Plaintiffs' Objection ("Defendant's Response"), ECF No. 94, and Plaintiffs filed a Response to Defendant's Objection ("Plaintiffs' Response"), with exhibits, ECF No. 95.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge; receive further

evidence; or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Defendant objects to the Magistrate Judge's conclusion that the "undisputed facts establish that [Defendant] is liable for uncompensated travel time resulting in an overnight stay." Def.'s Obj. at 1. Defendant contends that to establish liability for uncompensated travel time resulting in an overnight stay, "Plaintiffs must prove that any such travel occurred during regular working hours." Id. at 2. Defendant further contends that this "proof is not currently before the Court," and that the timekeeping records that are before the court are insufficient to establish that an employee's travel time occurred during regular working hours. Id. at 2-3. After undertaking de novo review of the record and considering the exhibits attached to Plaintiffs' Response, the court agrees with the Magistrate Judge's well-reasoned conclusion. See R&R at 34-37.

Defendant also objects to the Magistrate Judge's factual finding that "all of the Plaintiffs occasionally travelled out of town for work to locations throughout Virginia and regionally to Maryland, Pennsylvania, Connecticut, and the Carolinas." Id. at 4 n.1 (emphasis added) (quoting R&R at 35). Defendant objects to this factual finding because "Plaintiff Brandon Dunbar did not travel out of town during the relevant time period." Id. (citing Dunbar Dep. 58:21-59:2). Defendant also objects to this factual

4

finding because "Mr. Kroupa testified that he had no knowledge of any jobs done in Connecticut." Id. (citing Kroupa Dep. 26:23-27:1). After undertaking de novo review of the factual record, the court sustains Defendant's objection as to this factual finding only. The court modifies the Magistrate Judge's factual finding to reflect that many of the Plaintiffs occasionally travelled out of town for work to locations throughout Virginia and regionally to Maryland, Pennsylvania, and the Carolinas during the relevant time period. See Pretrial Order at 2, ECF No. 83; Allah Dep. 36:4-22, ECF No. 57-1; Fulbright Dep. 34:18-35:4, ECF No. 57-3; Switzer Dep. 66:14-67:12, ECF No. 57-6; Kroupa Dep. 26:25-27:1, ECF No. 57-7; Dunbar Dep. 58:21-59:2, ECF No. 57-2. This modification, however, does not affect the court's legal analysis and corresponding conclusions regarding Defendant's liability for unpaid overtime for out-of-town travel involving an overnight stay.

Plaintiffs object to the Magistrate Judge's recommendation that the court grant Defendant's Motion for Partial Summary Judgment as to Count II of Plaintiffs' First Amended Complaint. Pls.' Obj. at 1. Plaintiffs do not make any new arguments to undermine the Magistrate Judge's recommendation. See id. at 1-2. Rather, Plaintiffs incorporate their briefing before the Magistrate Judge and summarize those arguments in three bullet points. Id. This is not a proper objection and is not entitled to

de novo review. Objections that "do not attempt to undermine the Magistrate Judge's findings or recommendations by presenting additional arguments . . . do not require this court to make de novo determinations of the R&R findings." Bennett v. Zydron, No. 2:17CV92, 2017 WL 4176972, at *2 (E.D. Va. Sept. 21, 2017) (citing Nichols v. Colvin, 100 F. Supp. 3d 487, 498 (E.D. Va. 2015); Williams v. Astrue, No. 2:09cr60, 2010 WL 395631, at *1 (E.D. Va. Feb. 2, 2010)). Nevertheless, even after undertaking de novo review, the court finds that Plaintiffs' renewed arguments are meritless and agrees with the Magistrate Judge's well-reasoned conclusion.

This court, having examined the Objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, hereby **OVERRULES IN PART** and **SUSTAINS IN PART** Defendant's Objections and **OVERRULES** Plaintiffs' Objections. The court **ADOPTS AND APPROVES IN PART** the Magistrate Judge's thorough and well-reasoned R&R, including all recommendations, and **MODIFIES IN PART** the Magistrate Judge's factual findings as noted above. Accordingly, the court **DENIES** Defendant's Motion to Decertify, ECF No. 56; **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Partial Summary Judgment, ECF No. 56; **GRANTS** Plaintiffs' Motion for Partial Summary Judgment, ECF No. 79; and **DISMISSES AS MOOT** Defendant's Motion to Dismiss, ECF No. 66.

6

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

June 6, 2019