**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**TONY EPPS,**

**and**

**MATTHEW SULLIVAN,
For themselves and on behalf
of all others similarly situated,**

     **Plaintiffs,**

**v.**                                    **Case No.: 2:17cv562**

**SCAFFOLDING SOLUTIONS, LLC,**

     **Defendant.**

## <u>JOINT MOTION FOR SETTLEMENT APPROVAL</u>

Plaintiffs Tony Epps, Matthew Sullivan, Brandon Newsome, Justin Switzer, Shakai Cowell, Christopher Jackson, Mike Wall, Marlon Stallings, Eternal Kamal Allah, Joseph Johnson, Brandon Hecker, Ras Jelani A. Simba, Malik Davis, Malik Williams, Sr., Chad Schley, Otis Fulbright, Antoine Davis, Brandon Dunbar, Quandarius Dowell and David Riggins (collectively "Plaintiffs"), by their attorneys, and Defendant Scaffolding Solutions, LLC ("Defendant"), by its attorneys, move the Court to enter an Agreed Order (attached hereto) approving the proposed Settlement Agreement, and state as follows in support thereof.

### I.      Factual Background

1.     Plaintiffs are former scaffolding erectors who worked for Defendant at its Chesapeake branch.

2.      Plaintiffs were hourly employees who claimed they were not paid for approximately 10 hours of overtime work on average per week.

3.      This case was filed and certified as an opt-in class action.  (ECF Nos. 1, 19, 54, 96).  A total of 27 Plaintiffs opted in, 7 of those individuals were voluntarily dismissed (ECF Nos. 41, 43, 47), and a total of 20 Plaintiffs remain in the case.

4.      Plaintiffs moved for partial summary judgment on the issue of pay for out-of-town travel during regular work hours with an overnight stay and prevailed. (ECF No. 96).

5.      Defendant moved for partial summary judgment on various issues, and eliminated the Plaintiffs' state law breach of contract claim for straight time pay allegedly due.  (ECF No. 96).

6.      Although the trial was bifurcated, with damages to be heard at a later date, the issue of damages was carefully examined by both sides.  The settlement compensates Plaintiffs for on average, about 90% of their claimed unpaid overtime pay within two years of their respective opt-in dates as calculated by Plaintiffs' counsel.  In settling, Plaintiffs compromised their claim for liquidated damages, which was disputed by Defendants, and their claim for willfulness, which would have added a year to the potential recovery but that is rarely obtained in FLSA cases.

7.      The case has been actively litigated for over two years;  Plaintiffs filed a Complaint and an Amended Complaint, and Defendant responded to both; the parties served and updated initial disclosures; the parties served and answered Interrogatories, Requests for Production of Documents and Requests for Admission; Plaintiffs deposed 6 of Defendant's employees or representatives; Defendant deposed 18 of the 20 Plaintiffs; the

parties filed a Protective Order and Plaintiffs filed a status report; Plaintiffs filed a motion

for conditional certification; the parties filed a joint motion for approval of notice and

consent form and schedule; Defendant filed a Motion for Partial Summary Judgment and

Decertification, and Plaintiffs opposed same; Plaintiffs filed a Motion for Partial Summary

Judgment, and Defendant opposed same; Plaintiffs filed a Motion to Strike Defendant's

Expert, and Defendant opposed same; the parties filed a Joint Motion to Bifurcate Trial; the

parties filed the usual pretrial documents; Defendant subpoenaed all 20 Plaintiffs to trial,

and Plaintiffs opposed same; the parties prepared for trial; and the parties attended a

settlement conference with Magistrate Judge Douglas E. Miller, which resulted in a

settlement.  The parties subsequently executed a settlement agreement memorializing the

terms of their settlement.

8.      Both parties are represented by competent counsel who have vigorously

represented their clients' interests and have negotiated the settlement agreement.

9.      In accordance with the applicable requirements for settling claims brought

pursuant to the Fair Labor Standards Act (the "FLSA"), the parties hereby seek the Court's

approval of the settlement reached in this matter and stipulate to the dismissal of this

action with prejudice upon approval.

## II.      The Court Should Approve the Settlement

10.      All FLSA settlements must be approved either by the United States

Department of Labor or the Court. *Lomascolo v. Parson Brinckerhoff, Inc.*, 1:08cv1310, 2009

WL 3094955, at *8 (E.D. Va. Sept. 28, 2009).

11.     A proposed settlement should be approved if it reflects a reasonable compromise over issues actually in dispute. *Galvez v. Americlean Servs. Corp.*, No. 1:11cv1351, 2012 WL 1715689, at *2 (E.D. Va. May 15, 2012).

12.     To determine whether the settlement is fair, the Court should consider: 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel representing plaintiff; 5) the probability of plaintiff's success on the merits; and 6) the amount of settlement in relation to the potential recovery. *Patel v. Barot,* 15 F. Supp. 3d 648, 656 (E.D. Va. 2014).

13.     In this case:  1) extensive discovery has taken place; 2) the proceedings were in the late stages—the case was settled three weeks before the liability trial was set to begin; the case, being an FLSA collective action with 20 plaintiffs, was complex and expensive to try, with a jury trial on liability, a bench trial on damages, and post-trial motions all yet to occur; 3) there is absolutely no fraud or collusion in the settlement; 4) Plaintiffs' counsel are extremely experienced in representing plaintiffs in FLSA cases, including collective action cases; 5) liability was hotly contested, and the outcome of this case was uncertain; and 6) the amount of the settlement is reasonable in relation to the potential recovery (or potential for no recovery) given the uncertainty of the outcome of the case.

14.     Based on all of these factors, the settlement reached is a fair and reasonable resolution of the dispute, taking into account the uncertainty and risks of litigation as well as the costs that each party will incur if the litigation continues.

15.     The parties have concluded in good faith that it is in their mutual interest to resolve the litigation now in the manner set forth in the Settlement Agreement and Release, which is attached as **Exhibit A**.

16.     Plaintiffs' counsel has expended a significant amount of time on the case, equating to attorneys' fees in excess of $675,000.00.

17.     However, in the event of a loss at trial, Plaintiffs and Plaintiffs' counsel would not be paid at all, except for in connection with Plaintiffs' claim for out-of-town travel upon which summary judgment was granted.  As the damages associated with that claim are small as compared to the overall recovery sought by Plaintiffs on all of their claims, Plaintiffs' would have been left with a minimal recovery, and Plaintiffs' counsel's fee award would likely have been significantly reduced.

18.     Plaintiffs agreed by contract to pay their counsel the greater of 40% of any recovery or the amount of attorneys' fees collected from Defendant.  The final allocation of the $200,000.00 settlement is $110,000.00 to attorneys' fees, $5,000.00 to costs, and $85,000.00 as damages to Plaintiffs.

19.     The Supreme Court has long held that the most critical factor in determining an appropriate fee award "is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

20.     The settlement provides for a substantial recovery for the Plaintiffs based upon the total recovery available and the uncertainty of the outcome.

21.     Attached as **Exhibit B** are the detailed time records for The Consumer & Employee Rights Law Firm, P.C.

5

22.     Attached as **Exhibit C** are the detailed time records for David, Kamp & Frank, L.L.C.

23.     Attached as **Exhibit D** is the Declaration of Christian L. Connell and as **Exhibit E** the Declaration of James H. Shoemaker, Jr. confirming that the hours devoted to the case and the hourly rates charged by counsel are within the prevailing market rate for attorneys in the relevant community for the type of work for which counsel seeks an award.

24.     Counsel for Plaintiffs has attached as **Exhibit F** Christopher Colt North's Declaration, which describes his experience with FLSA litigation, including approximately 50 such cases in the past, many of which involved complex, putative class actions.

25.     Counsel for Plaintiffs has attached as **Exhibit G** Joshua M. David's Declaration, which describes his experience with FLSA litigation, including substantial FLSA collective action cases in this Court and in United States District Courts in foreign jurisdictions.

26.     The Judge considering this Joint Motion may consider her own knowledge of the prevailing market rates in the community. *Starnes v. Hill*, 635 F.Supp. 1270, 1272 (W.D.N.C. 1986).

27.     The proposed attorneys' fees award of $110,000.00 is approximately 16% of the lodestar attorneys' fees for Plaintiffs' counsel.

28.     The proposed allocation to costs is $5,000.00, including the filing fee, deposition transcripts, computer research, service fees, witness fees, and other necessary costs as itemized at the end of the detailed bills attached as **Exhibit B** and **Exhibit C**.

29.     The case contained a number of non-routine issues, including FLSA preemption, the viability of a state law breach of contract claim for straight time alongside an FLSA overtime claim, and the admissibility of a former Department of Labor Wage and Hour investigator and supervisor as an expert witness.

30.     Plaintiffs' counsel committed an extraordinary amount of time and effort in prosecuting this case.  The parties have been litigating for over two years, and trial on liability only was set to begin November 19, 2019.  As the trial had been previously set, Plaintiffs' counsel had all but prepared for the liability trial.

WHEREFORE, the parties jointly, by their respective counsel, request that this Court grant this Joint Motion for Settlement Approval.

Dated:                                     Respectfully submitted,

/s/ Christopher Colt North
Christopher Colt North
VSB # 16955
The Consumer & Employee Rights Law Firm, P.C.
5629 George Washington Memorial Highway
Suite D
Yorktown, VA 23692
Phone:  (757) 873-1010
Fax:  (757) 873-8375
Email: cnorthlaw@aol.com

/s/ Joshua M. David
Joshua M. David (VSB #41386)
Samuel Y. Lee (VSB #93628)
DAVID, KAMP & FRANK, L.L.C.
739 Thimble Shoals Blvd., Suite 105
Newport News, VA  23606
Phone:  (757) 595-4500
Fax:  (757) 595-6723
jdavid@davidkampfrank.com
sylee@davidkampfrank.com
*Counsel for Plaintiffs*


**Seen and Agreed:**

/s/ Jaime B. Wisegarver
Jaime B. Wisegarver
Courtney Moates Paulk
Hirschler Fleischer
2100 East Cary Street
Richmond, VA 23223-7078
Phone: (804) 771-5634
Fax: (804) 644-0957
Email: jwisegarver@hirschlerlaw.com
cpaulk@hirschlerlaw.com
*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 15th day of November, 2019, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following counsel of record:

> Jaime B. Wisegarver
> Courtney Moates Paulk
> Hirschler Fleischer
> 2100 East Cary Street
> Richmond, VA 23223-7078
> Phone: (804) 771-5634
> Fax: (804) 644-0957
> Email: jwisegarver@hirschlerlaw.com
> cpaulk@hirschlerlaw.com
> *Counsel for Defendants*

/s/ Joshua M. David

11770263.1  035385.00011