UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| TONY EPPS and MATTHEW SULLIVAN, ) <br> For themselves and on behalf of all others ) <br> similarly situated ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> SCOFFOLDING SOLUTIONS, LLC, ) <br>   ) <br> Defendant. ) <br> ) | Case No.: 2:17-cv-562 |

### REPORT AND RECOMMENDATION

Before the Court is the parties' Joint Motion for Settlement Approval, ECF No. 117, which was filed in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. This matter was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to a Referral Order from the United States District Judge. ECF No. 118; *see also* 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); E.D. Va. Local Civ. R. 72. For the following reasons, the undersigned **RECOMMENDS** that the Joint Motion for Settlement Approval, ECF No. 117, be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Scaffolding Solutions, LLC, ("Scaffolding Solutions" or "Defendant"), is engaged in the business of erecting and dismantling scaffolding, with six locations in North Carolina, South Carolina, and Virginia, including in the City of Chesapeake. ECF No. 104 at 1. The named Plaintiffs and opt-in Plaintiffs were employees of Defendant—either as Erectors,

Foremen or Helpers—who worked out of the Chesapeake location between October 2014 and April 2018. *Id.* at 1-2. Plaintiffs erected and dismantled scaffolding at various job sites throughout Hampton Roads, as well as out of the area in Richmond, Fredericksburg, Charlottesville, Lynchburg, Northern Virginia, the District of Columbia, North Carolina, South Carolina and Pennsylvania. *Id.* at 2. As hourly employees of a business engaged in interstate commerce with annual gross receipts in excess of $500,000.00, Plaintiffs and Defendant are subject to the FLSA. *Id.*

The Court previously ruled that Plaintiffs as a class were subject to a compensation policy for out-of-town travel which violated the FLSA and for which some Plaintiffs were entitled to recover. *Id.* at 5; ECF No. 96. Plaintiffs alleged further that they were entitled to compensation which they were not paid for the time from when they were required to report to the Chesapeake Yard in the morning at 6:00 a.m. until they arrived at the first job site of the day, and that they were not compensated for the return journey from the last job site of the day or for subsequent work at the Chesapeake Yard at the end of the work day. ECF No. 104 at 15. Defendant disputed that Plaintiffs were entitled to such compensation, contending that they were not performing work-related duties until they arrived at the various jobsites. *Id.* at 25-29.

Plaintiffs filed their cause of action on October 26, 2017, ECF No. 1, which Defendant answered on January 16, 2018, ECF No. 11. Plaintiffs moved to conditionally certify their class on February 16, 2018, ECF No. 18, and the Court granted the motion on February 21, 2018, ECF No. 19. Over Defendant's objection, the Court granted Plaintiffs' Motion for Leave to Amend their complaint, ECF No. 55, and the Amended Complaint was filed on January 3, 3019. ECF No. 54. The parties subsequently litigated motions for decertification, for partial summary judgment,

2

and to dismiss Count II and claim for willfulness (Defendant), for bifurcation (joint), and to strike Defendant's expert, and for partial summary judgment (Plaintiffs). ECF Nos. 49, 51, 56, 58, 66, 79. After trial was bifurcated and the liability portion of trial rescheduled for November 19, 2019, the parties engaged in a settlement conference with United States Magistrate Judge Miller, at which the proposed Settlement Agreement was reached.

According to the proposed Settlement Agreement, ECF No. 117, attach. 1, Defendant agreed to pay a total amount of $200,00.00 ("Gross Settlement Amount") to settle this action. In exchange, the named Plaintiffs and all participating members agree to release their claims against Scaffolding Solutions. *Id.* Under the Settlement Agreement, "no more than $100,000.00 shall be allocated to Plaintiffs' damages" and the balance of the settlement amount shall be allocated to attorneys' fees and costs. *Id.* at 3. Pursuant to the Joint Motion for Settlement Approval, the twenty opt-in Plaintiffs actually will share $85,000.00 in damages, with $5,000.00 allocated to costs and $110,000.00 allocated to attorneys' fees. ECF No. 117 at 5. The $85,000.00 in damages is alleged to represent the "about 90% of the[] claimed unpaid overtime pay within two years of the[] respective opt-in dates as calculated by Plaintiffs' counsel."[1] *Id.* at 2. Neither Tony Epps nor Matthew Sullivan, the named Plaintiffs, are earmarked to receive any additional recovery for their efforts in bringing and prosecuting the matter. ECF No. 117 and attach. 1, *passim*.

The Court held a hearing on the Joint Motion for Settlement Approval on December 10, 2019. ECF No. 119. At the hearing, Mr. Christopher North and Mr. Joshua David appeared on behalf of the Plaintiffs and Ms. Jaime Wisegarver appeared on behalf of the Defendant. As such, the Motion, ECF No. 117, is now ripe for recommended disposition.

---

[1] At the hearing, Mr. North represented that Defendant's position was that Plaintiffs would actually recover 200% of their recoverable overtime over the statutory two-year period, according to their evidence.

## II. ANALYSIS

All FLSA settlements must be approved either by the United States Department of Labor or the court. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005), *reinstated on reh'g*, 493 F.3d 454 (4th Cir. 2007), *cert. denied*, 554 U.S. 909 (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Lomascolo v. Parson Brinckerhoff, Inc.*, 2009 WL 3094955 at *8 (E.D. Va. 2009). Such approval is required for both class actions and individual cases. *See Poulin v. Gen. Dynamics Shared Res., Inc.*, 2010 WL 1813497 at *1 (W.D. Va. 2010). "A proposed settlement should be approved if it reflects a reasonable compromise over issues actually in dispute." *Galvez v. Americlean Servs. Corp.*, 2012 WL 1715689 at *2 (E.D. Va. 2012). At the settlement hearing, "a court's role is . . . a balancing of likelihoods rather than an actual determination of the facts and law in passing upon whether the proposed settlement is fair, reasonable, and adequate." *Lomascolo*, 2009 WL 3094955 at *10 (citation omitted). "In addition to being fair and reasonable, in order to merit Court approval, the settlement must resolve a bona fide dispute over FLSA provisions." *Id.* at *16.

Factors the court weighs when considering approval of an FLSA settlement agreement for a class action include: (1) the extent of discovery conducted; (2) the stage of the proceedings; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members; and (6) the amount of settlement in relation to the potential recovery. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-59 (4th Cir. 1991); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975); *Lomascolo*, 2009 WL 3094955 at *11-16 (listing the factors in headings); *see also Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (listing similar factors for non-class action FLSA settlement approvals).

Analysis of these factors demonstrates that the proposed settlement is fair and reasonable.

Regarding the first and second factors, this case has been actively litigated for almost two years. Both parties conducted extensive discovery, including multiple sets of interrogatories and requests for production of documents, and the depositions of eighteen of the twenty Plaintiffs and several corporate officers of Defendant. Defendant produced, and Plaintiffs reviewed tens of thousands of documents. The parties litigated the Plaintiffs' Motion for Leave to File a First Amended Complaint, Defendant's Motion for Partial Summary Judgment and for Decertification, Plaintiffs' Motion to Exclude Testimony from Defendant's Expert, Defendant's Motion to Dismiss Count II of the Amended Complaint, Defendant's Renewed Motion for Decertification, and Plaintiff's Motion for Partial Summary Judgment. The parties' prepared an extensive Final Pretrial Order and participated in the attendant final pretrial conference, and then submitted proposed voir dire and jury instructions as they readied this case for trial. Indeed, after the Court granted the Joint Motion to Bifurcate the trial, trial was ultimately rescheduled for November 19, 2019 on the issue of liability. *See In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159 ("[A] reasonable judgment on the possible merits of the case is best achieved when all discovery has been completed and the case is ready for trial."). Only after this extensive litigation was the case subsequently resolved following mediation before United States Magistrate Judge Miller shortly before the beginning of trial.

Third, there is neither evidence, nor even a suggestion, of any collusion on the part of the parties. The Settlement Agreement was reached through mediation conducted by Judge Miller on October 28, 2019. *Id.* at 2; *see Lomascolo*, 2009 WL 3094955 at *12 (noting there is a presumption that no fraud or collusion occurred in the absence of any evidence to the contrary) (citing *Camp v.*

5

*Progressive Corp.*, 2004 WL 2149079 at *7 (E.D. La. 2004)). As advised by Mr. North at the hearing, Defendant only made their first settlement offer two weeks before the scheduled trial date, and therefore each side was required to prepare the case for trial.

Fourth, Plaintiffs' counsel are experienced in FLSA cases, labor and employment law, and collective and class actions. Both lead counsel have successfully handled FLSA actions in this Court before, and the undersigned has previously recognized Mr. North's expertise in these cases in approving an FLSA settlement and counsel's requested attorney's fee. *See Hofstra v. Drucker & Falk, Inc.,*, No. 4:15cv73, Mem. Op. & Order, (Mar. 10, 2016 ).

Fifth, both sides agree that the settlement is a fair and reasonable compromise between the parties. ECF No. 117 at 4-5. Counsel further contended that the specific terms of the settlement are also fair and reasonable. *Id.* at 4-7 (discussing monetary terms, proposed recovery to Plaintiffs, risks of continued litigation, reasonableness of attorneys' fees, and cost terms). In addition, the attorneys' opinions and evaluation of the reasonableness of the settlement and recommendation to accept the settlement is some evidence of the reasonableness of the settlement. *See In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002). No class members rejected or otherwise objected to the settlement. As represented by counsel at the hearing, each individual has been fully informed throughout the process of their claims and the case as a whole.

Sixth, the amount of settlement in relation to the potential recovery is reasonable in light of the strengths and weaknesses in each party's case. Here, if the proposed settlement is approved, Plaintiffs will recover approximately ninety percent of their claimed unpaid overtime pay within two years of their opt-in dates.[2] ECF No. 117 at 2. Following the Court's Order finding that

---

[2] Hence, the proposed settlement would provide nearly full compensation for unpaid overtime for the statutory two-year recovery period, but not for a third year of recovery or for liquidated damages.

6

Plaintiffs were subject to a compensation policy for out-of-town travel which violated the FLSA, and having dismissed Plaintiffs' state law contract claim, Plaintiffs' central claims for trial were the extent to which each Plaintiff may have incurred uncompensated overtime for such travel, and, whether Plaintiffs were entitled to be compensated for time spent commuting from Defendant's place of business in Chesapeake to job sites on which they worked. *See* ECF Nos. 96, 104. According to the parties, the damages associated with the claim for out-of-town travel were small compared to the damages associated with the commuting claim. ECF No. 117 at 5. On the other hand, Defendant asserted that its employees were not entitled to be compensated for commuting time, because they were generally not required to report to Chesapeake before going out to a job site, and did not perform "any activity integral and indispensable to their principal activity— erecting/dismantling scaffolding—prior to stepping onto the jobsite." ECF No. 104 at 25-31. Defendant contended, as Plaintiffs' counsel acknowledged, that many of the Plaintiffs actually were paid for certain overtime work. Further, because good faith and willfulness were in dispute, there was a significant question as to whether Plaintiffs were entitled to a third year of recovery and liquidated damages, an issue that was sure to be hotly contested at trial. *Id.*

To determine whether the Settlement Agreement is fair, the Court must have "some knowledge of the value of the released claims," otherwise, "the fairness of the compromise remains indeterminate." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Under the FLSA, employees can recover for unpaid overtime for a two-year period up to the time the claim is filed. 29 U.S.C. § 255. Employees can also recover a third year of wages if they can demonstrate that the employer's failure to pay wages was willful. *Id.* Employees can also recover a like amount in liquidated damages unless the employer can demonstrate that its failure to pay the

7

wages due under the FLSA was in good faith. 29 U.S.C. §§ 216(b), 260. With twenty opt-in Plaintiffs, the $85,000.00 settlement amount designated for the Plaintiffs will average out to $4,250.00 per opt-in Plaintiff, accounting for ninety percent of opt-in Plaintiffs' collective overtime pay over a two-year statutory period.[3] Consequently, in reaching settlement, the parties compromised on both the amount of unpaid hours and the period of time for which such compensation will be provided. From the Defendant's perspective, paying ninety percent of unpaid overtime for the two-year statutory period is reasonable in light of the Court's adverse finding that Defendant's compensation policy for out-of-town travel violated the FLSA and on the uncertainty that it could prevail on Plaintiffs' commuting claim. From the Plaintiffs' perspective, accepting the $85,000.00 settlement amount is reasonable in light of the significant uncertainties regarding the likelihood of success in proving entitlement to compensation for commuting time, defending against Defendant's good faith argument, and establishing willfulness. Even assuming one party or the other successfully established all of their positions following the liability part of the trial, continued litigation could be expected regarding damages and any potential appeals to the appellate court. As a result, the amount of settlement in relation to the potential recovery weighs in favor of approving the settlement. The compromise proposed here therefore is reasonable under these circumstances as the desired settlement fairly reflects the parties' wish to finalize all potential collective litigation, put an end to the expenditure of attorneys' fees and costs, and end the uncertainty that accompanies litigation.

Finally, the Court must analyze attorneys' fees in approving the proposed settlement. The

---

[3] In their Final Pretrial Order the parties stipulated as to the relevant periods of employment and pay rate for each Plaintiff, which varied as to each Plaintiff. ECF No. 104 at 3-5. Consequently, since the Plaintiffs each worked over different specific time periods at pay rates ranging from $10.00 per hour to $23.00 per hour, the actual amount each Plaintiff will receive will vary.

FLSA "contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expenses for legal fees or costs." *Poulin,* 2010 WL 1813497 at *1 (quoting *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009)). Therefore, "the FLSA requires judicial review of the reasonableness of counsel's legal fees to ensure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* Here, Plaintiffs' counsel seeks $110,000.00 in fees plus $5,000.00 in costs and expenses. According to the parties, "Plaintiffs agreed by contract to pay their counsel the greater of 40% of any recovery or the amount of attorneys' fees collected from Defendant." ECF No. 117 at 5. The attorneys' fees sought exceed forty percent of the proposed settlement.

The Court typically evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.,* 549 F.3d 313, 320-21 (4th Cir. 2008); *Mercer v. Duke Univ.,* 401 F.3d 199, 211 (4th Cir. 2005) ("[T]he determination of a reasonable fee is an intensively fact-bound matter for the trial court to determine in the sound exercise of its discretion."). "In deciding what constitutes a 'reasonable' number of hours and rate, [the Fourth Circuit] has instructed that a district court's discretion should be guided by the following twelve factors:"

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

9

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (citation omitted).

In support of their request for attorneys' fees, Plaintiffs' counsel proffered itemized billing statements, which demonstrates that in total, the attorneys, paralegals and an investigator expended in excess of 2,068 hours on this matter, with Mr. North's firm expending 1146.40 hours and Mr. Davis' firm expending 922.30 hours. ECF No. 117 attachs. 2, 3. The billable rate charged by co-lead counsel Mr. North was $450.00 per hour for 943.15 hours of work. *Id.*, attachs. 2, 4. He also utilized an independent contractor attorney (Ms. Han) who billed 189 hours at $200 per hour, and an unnamed paralegal who billed 14.25 hours at $100.00. *Id.* Attorney Christian Connell, an experienced FLSA attorney practicing in Hampton Roads with no connection to this case, submitted an affidavit attesting to Mr. North's abilities and experience and opining that his billable rate of $450 per hour was justified, and that the billing rates for the other attorney and paralegal were appropriate for this area. *Id.*, attach. 4 at 4. Mr. Connell noted, however, that the hours expended by Mr. North's firm in prosecuting this case "are higher than [he] would have expected." *Id.*

Plaintiffs also proffered the billing records for co-lead counsel Mr. Davis's law firm. *Id.*, attach. 3. Mr. Davis' billable rate was $425.00 per hour, his associate Mr. Lee's billable rate was $200.00 per hour, and his paralegal rate was $100.00 per hour. *Id.* Together, the attorneys billed 636.9 hours and the paralegals billed 285.4 hours. *Id.*, and attach. 7 at 3. In addition, Plaintiffs proffered the declaration of Jamie Shoemaker, a local attorney experienced in FLSA cases and who is not counsel in this case, to attest to the experience and capabilities of Mr. Davis and his law firm, and the reasonableness of his billing practices and billable rates in this district. *Id.*, attach. 5.

Based on the lodestar calculations, Plaintiffs' counsel have expended more than $675,000.00 in attorneys' fees, but are requesting a fee award in the amount of $110,000.00, an amount approximate sixteen percent of the lodestar attorneys' fees. *Id.* at 5; *Id.*, attachs. 2, 4. While the amount of hours incurred has been suggested to be excessive, and the requested hourly rate for the lead attorneys is somewhat higher than this Court has previously authorized,[4] given the *Robinson* factors cited above, the Court **FINDS** that the fee request is fair and reasonable. The two lead attorneys who worked on this case are experienced practitioners who achieved a successful result. FLSA litigation is a specialized practice, and Plaintiffs' counsel engaged in substantial efforts to prepare this case for trial. The fees sought are a substantial reduction in the lodestar calculation. Courts may give some deference to the parties' voluntary agreement when assessing the reasonableness of the fees. *Devine v. City of Hampton, Virginia*, No. 4:14cv81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015). The Defendants do not challenge the amount of the fee requested. Considering all of the factors, the Court concludes that the requested $110,000.00 allocation for attorneys' fees is fair and reasonable.

Lastly, while current actual costs are $5,236.34 according to the billing statements submitted by attorneys North and David, by their submission counsel appear amenable to reducing costs to $5,000.00, as noted. *See* ECF No. 117 attach. 2 at 47-48; *Id.*, attach. 3 at 39. Accordingly, the Court **FINDS** the request for costs is fair and reasonable.

---

[4] *See, e.g., Carr v. Rest Inn, Inc.*, No. 2:14-CV-609, 2015 WL 5177600, at *4 (E.D. Va. Sept. 3, 2015) (approving a billable rate of $310.00 per hour for lead counsel); *Patel*, 15 F. Supp. 3d at 657 (finding the average hourly rate of $204.50 to be consistent with other cases in the Eastern District); *Winingear v. City of Norfolk*, No. 2:12CV560, 2014 WL 3500996, at *6 (E.D. Va. July 14, 2014) (finding an average fee of $312.00 per hour reasonable); *Funkhouser v. City of Portsmouth*, No. 2:13cv520 (E.D. Va. 2015) (approving a composite average figure of $326.00 per hour between the attorneys and paralegals); *Hofstra*, No. 4:15cv73 (approving $350.00 per hour billable rate for Mr. North); *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, 2013 WL 1897027, at *6 (E.D. Va. April 12, 2013) (finding hourly rates of $250.00 to $350.00 reasonable); *Walker v. Dovetails, Inc.*, No. 3:10cv526, 2010 WL 5878336, at *3 (E.D. Va. Nov. 30, 2010) (same).

11

Consequently, given the strength of the Plaintiffs' claims, the defenses advocated by Defendant, the uncertainty of damages, consideration of appropriate attorneys' fees and costs, and the general uncertainty and expense that accompanies all litigation, the Court **FINDS** that the proposed $200,000.00 settlement is fair and reasonable and in accordance with the purposes of the FLSA, and accordingly **RECOMMENDS** that it be accepted by the District Judge.

### III. RECOMMENDATION

For the aforementioned reasons, having heard and considered the evidence and being of the opinion that the compromise is fair and reasonable in light of the evidence presented, the undersigned **RECOMMENDS** that Joint Motion for Settlement Approval, ECF No. 117, be **GRANTED**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment

of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 11, 2019

13